AO 106 (Rev. 04/10) Application for a Search Warrant



# UNITED STATES DISTRICT COURT
### for the
Eastern District of Virginia

In the Matter of the Search of ) 
*(Briefly describe the property to be searched* ) 
*or identify the person by name and address)* ) Case No. 1:17-SW-488
)
**311 MEWS COURT** )
**STAFFORD, VIRGINIA, 22556** )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):* 
See Attachment A, incorporated by reference

located in the _____ Eastern _____ District of _____ Virginia _____ , there is now concealed *(identify the person or describe the property to be seized):* 
See Attachment B, incorporated by reference

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 922(g)(9) | Possession of a firearm by a person convicted of a crime of domestic violence |

The application is based on these facts:
See attached affidavit of John M. Capano, Special Agent, Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), incorporated by reference

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

John M. Capano, Special Agent (ATF)
_____
*Printed name and title*

Sworn to before me and signed in my presence.

_____/s/_____
Michael S. Nachmanoff
United States Magistrate Judge
_____
*Judge's signature*

Date: _____ 08/03/2017 _____

City and state: Alexandria, Virginia _____ Hon. Michael S. Nachmanoff, U.S. Magistrate Judge
_____
*Printed name and title*

## ATTACHMENT A

*Places to be searched*

The Target Residence, 311 Mews Court, Stafford, Virginia, 22556, is a townhouse-style residence with tan-colored siding and four windows on the front side.  The windows are bordered by white and green trim.  A flight of steps leads up to the front entrance, which consists of a glass outer door and a dark-colored inner door.  The numerals "311" are displayed in gold lettering to the left of the front door.

The Target Vehicle is a grey, four-door Nissan Altima, bearing Virginia license tag 1607WA (collectively, with the "Target Residence," the "Target Premises").

## ATTACHMENT B

*Items to be Seized*

All items constituting evidence, fruits, and/or instrumentalities of violations of 18 U.S.C. § 922(g)(9) (unlawful possession of a firearm by a prohibited person), including the following:

a. Firearms, including, but not limited to, parts, accessories, holsters, and ammunition;

b. Records, documents, notes, ledgers, receipts, bank statements, money drafts, letters of credit, money orders, cashier's checks, pass books, bank checks, communications, and any other records—including any computerized or electronic records maintained on cellular telephones, computers, personal tablets, laptop computers, and other personal electronic devices—evidencing the obtaining, secreting, transfer, concealment, possession, and/or storage of firearms, parts, accessories, holsters, and ammunition;

c. Address and/or telephone books and papers—including computerized or electronic address and/or telephone records—reflecting names, addresses and/or telephone numbers;

d. Photographs, in particular, photographs of firearms, photographs of individuals possessing firearms, and photographs showing the association of individuals; and

e. Indicia of occupancy, residence, and/or ownership of the premises described herein, including, but not limited to, utility and telephone bills, cancelled envelopes, and keys.



IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF 311 MEWS COURT, STAFFORD, VIRGINIA, 22556, AND A GREY NISSAN ALTIMA (VA LICENSE TAG 1607WA) | (UNDER SEAL)<br><br>No. 1:17-SW-488 |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, John M. Capano, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.     I have been a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) since 2016.   Prior to my appointment with ATF, I was a sworn law enforcement officer with the City of New York from 2014 to 2016.   In my capacity as a law enforcement officer, I have investigated individuals for the illegal possession and use of firearms, illegal possession and distribution of controlled substances, and violent crimes.   Many of these investigations involved the execution of search warrants, and led to the arrest and conviction of individuals for violations of state and federal firearms and drug trafficking laws.

2.     I submit this affidavit in support of an application for a search warrant for a residence located at 311 Mews Court, Stafford, Virginia, 22556 and structures within the curtilage (the "Target Residence"), and a grey Nissan Altima bearing Virginia license tag 1607WA (the "Target Vehicle"), as described in Attachment A (collectively, the "Target Premises").

3.     Based upon the facts set forth herein, I submit there is probable cause to believe that BRANDON LOCKE, having been previously convicted of a misdemeanor crime of domestic violence, has unlawfully possessed a firearm, in violation of Title 18, United States Code, Section 922(g)(9), and that the Target Premises, as described in Attachment A, contain

evidence, contraband, fruits, and/or instrumentalities of these criminal activities, as described in Attachment B.

4.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

PROBABLE CAUSE

5.      On or about August 9, 2011, in Muscogee County State Court, Columbus, Georgia, BRANDON LOCKE was convicted of family violence battery, in violation of Ga. Code Ann. § 16-5-23.1(f), a crime of domestic violence as defined by Title 18, United States Code, Sections 922(g)(9) and 921(a)(33).

6.      On or about May 5, 2017, law enforcement officers encountered a confidential witness ("CW") standing outside of 201 N Street SW, Washington, D.C. The officers observed CW and other individuals consuming alcohol as they stood around a BMW sedan bearing Virginia registration tags.

7.      Officers approached and spoke to CW, who identified the BMW as his own. CW also admitted to the officers that he possessed a Glock firearm for which he did not have a license. Law enforcement thereafter searched CW and the BMW and found two Glock firearms, cellular telephones, a digital scale, $3125.00 in U.S. currency, a Virginia firearm bill of sale, and approximately 25.3 grams of a substance that field-tested positive for the presence of cocaine.

8.      The bill of sale seized from CW's car identified the subject of the sale as a Ruger LCP .380 pistol bearing serial number 371248820. The bill of sale listed the seller of the firearm as CW, and the buyer as BRANDON LOCKE, with a driver's license number of T67365384,

2

and an address of 311 Mews Court, Stafford, Virginia—*i.e.*, the Target Residence address. According to the bill of sale, LOCKE paid CW $250 for the firearm on March 4, 2017.

9.      In an interview with law enforcement, CW confirmed he had sold the pistol identified in the bill of sale to a friend. A subsequent search of one of CW's cellular telephones revealed numerous photographs of firearms, including a shotgun, a rifle, and multiple pistols.

10.     On August 1, 2017, at approximately 10:46 a.m., investigators conducting surveillance observed BRANDON LOCKE exit the Target Residence.[1] LOCKE then walked approximately 200 feet to the parked Target Vehicle, entered the vehicle, and departed.

11.     Following this surveillance, investigators queried a law enforcement database, and determined the Target Vehicle was registered to BRANDON LOCKE at the Target Residence address. Registration records identified LOCKE's Virginia driver's license number as T67365384—the same license number as appears on the bill of sale seized from CW's vehicle.

12.     On August 2, 2017, at approximately 4:50 a.m., an investigator surveilling the Target Residence observed the Target Vehicle parked in the same vicinity as on August 1, 2017.

13.     On August 3, 2017, at approximately 5:05 a.m., an investigator surveilling the Target Residence observed the Target Vehicle parked in the same vicinity as on the prior two days. The Target Vehicle was parked with a different orientation to the curb than on August 2, indicating that LOCKE used the car on August 2, and returned to the Target Residence.

14.     From my training and experience, I know that individuals who possess firearms— including those who possess them unlawfully—commonly possess, secrete, conceal, and store

---

[1] Investigators, having previously reviewed booking photographs of BRANDON LOCKE, were able to identify him as the individual they surveilled on August 1, 2017.

firearms, including parts, accessories, holsters, and ammunition, in places where the possessor has ready access to them, such as secured locations within the possessor's residence or vehicle, or the residences of friends, family members, and associates. In the present investigation, for instance, law enforcement recovered two Glock pistols from the center console of CW's vehicle.

15.   I also know from my training and experience, that individuals who possess firearms—including those who possess firearms unlawfully—commonly maintain records, documents, notes, ledgers, receipts, bank statements, money drafts, letters of credit, money orders, cashier's checks, pass books, bank checks, communications, and other papers relating to the obtaining, secreting, transfer, concealment, possession, and storage of these firearms. These records are maintained where firearms possessors have ready access to them, such as in secured locations within the possessor's residence or vehicle, or the residences of friends, family members, and associates. In the present matter, for instance, law enforcement recovered from CW's vehicle a firearm bill of sale that documented the sale of a Ruger .380 pistol to LOCKE. It is also common that such records are maintained on computers, cellular telephones, personal tablets, laptop computers and other personal electronic devices.

16.   I know from my training and experience that individuals who deal in the unlawful sale or purchasing of firearms commonly maintain addresses and telephone number books or papers that reflect names, addresses and telephone numbers for the individuals with whom they conduct such transactions. These telephone records, bills and pager numbers are often found in in the possessor's place of residence or vehicle, or the residence of friends, family members, or associates. It is also common that such records are maintained on computers, cellular telephones, personal tablets, laptop computers and other personal electronic devices.

17.    From my training and experience, I am aware that individuals who possess firearms—including those who possess firearms unlawfully—often take photographs of themselves and their associates in possession of firearms. These photos are typically maintained on computers, cellular telephones, personal tablets, laptop computers and other personal electronic devices, in the possessor's place of residence or vehicle, or the residences of friends, family members, or associates. In the present investigation, for instance, investigators searching CW's cellular telephone found photographs of various firearms, including a shotgun, a rifle, and multiple pistols, including one with an extended magazine.

## CONCLUSION

18.    Based upon the foregoing, I submit there is probable cause to believe that BRANDON LOCKE, having been previously convicted of a misdemeanor crime of domestic violence, has unlawfully possessed a firearm, in violation of Title 18, United States Code, Section 922(g)(9), and that the Target Premises, as described in Attachment A, contain evidence, contraband, fruits, and/or instrumentalities of these criminal activities, as described in Attachment B.

Respectfully submitted,

John M. Capano
Special Agent (ATF)

Subscribed and sworn to before me on August 3 , 2017

_____/s/_____

Michael S. Nachmanoff
United States Magistrate Judge

The Honorable Michael S. Nachmanoff
United States Magistrate Judge

5

## ATTACHMENT A

*Places to be searched*

The Target Residence, 311 Mews Court, Stafford, Virginia, 22556, is a townhouse-style residence with tan-colored siding and four windows on the front side. The windows are bordered by white and green trim. A flight of steps leads up to the front entrance, which consists of a glass outer door and a dark-colored inner door. The numerals "311" are displayed in gold lettering to the left of the front door.

The Target Vehicle is a grey, four-door Nissan Altima, bearing Virginia license tag 1607WA (collectively, with the "Target Residence," the "Target Premises").

## ATTACHMENT B

*Items to be Seized*

All items constituting evidence, fruits, and/or instrumentalities of violations of 18 U.S.C.

§ 922(g)(9) (unlawful possession of a firearm by a prohibited person), including the following:

a. Firearms, including, but not limited to, parts, accessories, holsters, and ammunition;

b. Records, documents, notes, ledgers, receipts, bank statements, money drafts, letters of credit, money orders, cashier's checks, pass books, bank checks, communications, and any other records—including any computerized or electronic records maintained on cellular telephones, computers, personal tablets, laptop computers, and other personal electronic devices—evidencing the obtaining, secreting, transfer, concealment, possession, and/or storage of firearms, parts, accessories, holsters, and ammunition;

c. Address and/or telephone books and papers—including computerized or electronic address and/or telephone records—reflecting names, addresses and/or telephone numbers;

d. Photographs, in particular, photographs of firearms, photographs of individuals possessing firearms, and photographs showing the association of individuals; and

e. Indicia of occupancy, residence, and/or ownership of the premises described herein, including, but not limited to, utility and telephone bills, cancelled envelopes, and keys.